IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| RITA HAMILTON, )<br>)<br>Plaintiff, )<br>) **JURY TRIAL DEMANDED**<br>v. )<br>) Civil Action File No.<br>MENTORING YOUTH )   4:13-cv-510 (CDL)<br>SERVICES, LLC, )<br>)<br>Defendant. )<br>) | |

**COMPLAINT FOR DAMAGES**

COMES NOW, Rita Hamilton ("Ms. Hamilton"), by and through undersigned counsel, and files this lawsuit against Mentoring Youth Services, LLC ("Mentoring Youth Services"), pursuant to § 216(b) of the Fair Labor Standards Act of 1938, showing as follows:

**Introduction**

1.

The instant action arises from Mentoring Youth Services' violations of Ms. Hamilton's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended ("FLSA"), to remedy violations of the FLSA by Mentoring Youth Services which have deprived Ms. Hamilton of her lawful overtime wages.

2.

During the employment of Ms. Hamilton, Mentoring Youth Services violated the FLSA by failing to compensate Ms. Hamilton at the legally appropriate overtime rate for hours worked in excess of forty (40) hours in a given workweek.

3.

Ms. Hamilton seeks unpaid overtime compensation for work performed, an equal amount in liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

**Jurisdiction and Venue**

4.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and 29 U.S.C. § 216(b) (FLSA).

5.

Venue is proper in the Middle District of Georgia under 28 U.S.C. § 1391(b) and (c) because the acts complained of occurred within the State of Georgia and because Mentoring Youth Services is subject to personal jurisdiction in this District.

## Parties

6.

Ms. Hamilton resides in Columbus, Georgia and is a citizen of the United States.

7.

At all times material to this action, Ms. Hamilton was an "employee" of Mentoring Youth Services defined by § 203(e)(1) of the FLSA, and worked for Mentoring Youth Services within the territory of the United States.  Ms. Hamilton is further covered by §§ 203 and 207 of the FLSA for the period in which she was employed by Mentoring Youth Services.

8.

Mentoring Youth Services is a limited liability company formed under the laws of the State of Georgia that conducts business in the State of Georgia and in this District.

9.

Mentoring Youth Services maintained either actual or constructive control, oversight and direction of its employees, including the employment, pay, and other practices.

10.

Mentoring Youth Services is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, Chester Medley Hayes, 2700 1st Avenue, Columbus, Georgia 31904.

11.

At all times material to this action, Mentoring Youth Services was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203(s) of the FLSA.

12.

At all times material to this action, Mentoring Youth Services was an "employer" of Ms. Hamilton, as defined by § 203(d) of the FLSA.

13.

The overtime provisions set forth in § 207 of the FLSA apply to Mentoring Youth Services.

## Factual Allegations

14.

From February 2012 through September 2, 2013, Ms. Hamilton was employed by Mentoring Youth Services.

15.

At all times relevant hereto, Ms. Hamilton was not responsible for supervising or directing the work of any other employees.

16.

At all times relevant hereto, Ms. Hamilton did not possess the authority to hire or fire other employees.

17.

At all times relevant hereto, Ms. Hamilton's primary duty was not the management of Mentoring Youth Services or of a customarily recognized department or subdivision thereof.

18.

At all times relevant hereto, Ms. Hamilton's suggestions and recommendations, if any, as to the hiring, firing, advancement, promotion or any other change of status of other employees were not given particular weight.

19.

At all times relevant hereto, Ms. Hamilton did not possess discretion or exercise independent judgment with respect to matters of significance in the daily activities she performed.

20.

At all times relevant hereto, Ms. Hamilton was a non-exempt employee for purposes of overtime compensation.

21.

While employed by Mentoring Youth Services, Ms. Hamilton was required, at times, to work in excess of forty (40) hours a week.

22.

During Ms. Hamilton's employment with Mentoring Youth Services, Mentoring Youth Services did not compensate Ms. Hamilton for time worked in excess of forty (40) hours per week on a basis of one and one-half times the regular rate of pay, as required by law.

23.

The records, if any, concerning the number of hours actually worked and the compensation actually paid to Ms. Hamilton are in the possession of Mentoring Youth Services.

## Failure to Comply with the Overtime Provisions of the FLSA

24.

Mentoring Youth Services failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA, 29 U.S.C. § 207 or § 213, with respect to Ms. Hamilton.

25.

Mentoring Youth Services failed to meet the requirements for paying Ms. Hamilton at the rate of at least one and one-half times the regular hourly rate for time worked in excess of forty (40) hours per week as legally required under the compensation requirements of the FLSA, 29 U.S.C. § 203 and § 207.

26.

Mentoring Youth Services is liable to Ms. Hamilton for compensation for any and all time Ms. Hamilton worked in excess of forty (40) hours per week at the rate of at least one and one-half times the regular hourly rate as legally required under the compensation requirements of the FLSA, 29 U.S.C. § 203 and § 207.

27.

By its actions alleged herein, Mentoring Youth Services willfully, intentionally, knowingly, and/or recklessly violated the FLSA provisions and corresponding federal regulations.

28.

Mentoring Youth Services willfully and intentionally engaged in a pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay overtime compensation to Ms. Hamilton in accordance with § 203 and § 207 of the FLSA.

29.

As a result of Mentoring Youth Services' violations of the FLSA, Ms. Hamilton has suffered damages by failing to receive overtime wages in accordance with § 203 and § 207 of the FLSA.

30.

As a result of Mentoring Youth Services' willful violations of the FLSA, Ms. Hamilton is entitled to liquidated damages.

31.

Ms. Hamilton has retained undersigned counsel to represent her in this action and has incurred costs and reasonable attorneys' fees.

32.

Pursuant to 29 U.S.C. § 216(b), Ms. Hamilton is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

33.

Mentoring Youth Services has not made a good faith effort to comply with the FLSA with respect to its compensation of Ms. Hamilton.

34.

As a result of Mentoring Youth Services' unlawful acts, Ms. Hamilton has been deprived of overtime compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation.

WHEREFORE, Ms. Hamilton, pursuant to § 216(b) of the FLSA, prays for the following relief:

(a) that she be awarded damages in the amount of her unpaid compensation, plus an equal amount of liquidated damages;

(b) that she be awarded the costs and expenses of this action; and

(c) that this Court enter such other and further relief as is just and proper under the circumstances.

**[Signature on next page]**

Respectfully submitted this <u>2nd</u> day of December, 2013.

**COHAN LAW GROUP, LLC**

*/s/ Louis R. Cohan*

LOUIS R. COHAN
Georgia Bar No. 173357
TRACY K. HAFF
Georgia Bar No. 141230
*Attorneys for Plaintiff*

3340 Peachtree Road, NE
Suite 580
Atlanta, Georgia 30326
(404) 891-1770
(404) 891-5094 (facsimile)
lcohan@cohanlawgroup.com
tkhaff@cohanlawgroup.com