IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| RITA HAMILTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action File |
| | ) | No. 4:13-cv-00510-CDL |
| MENTORING YOUTH | ) | |
| SERVICES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**JOINT MOTION FOR COURT APPROVAL OF
FAIR LABOR STANDARDS ACT SETTLEMENT**

COME NOW the Plaintiff, Rita Hamilton, and Defendant, Mentoring Youth Services, LLC (hereinafter collectively the "Parties"), and jointly notify the Court that the Parties have resolved this action and hereby stipulate to the voluntary dismissal with prejudice of this action in its entirety pursuant to Fed. R. Civ. P. 41(a).  The Parties also jointly move the Court for entry of an Order approving the Parties' settlement and dismissal with prejudice of the claims raised in this action under the Fair Labor Standards Act, 29 U.S.C. § 216(b) (the "FLSA").  A copy of the Parties' fully executed Settlement Agreement is attached hereto at Exhibit A.

**I.   BACKGROUND**

This case involves a claim by Plaintiff for alleged unpaid wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*  (ECF Doc. No. 1, Complaint.)  In the Complaint, Plaintiff Rita Hamilton ("Plaintiff") asserts claims for unpaid wages.  Plaintiff alleges she was not paid overtime wages for hours worked in excess of forty (40) hours/week from February

2012 through September 2, 2013. (Complaint, ¶ 14.)  Plaintiff also sought liquidated damages and attorneys' fees. (Id. at ¶¶ 30-32.)

Defendant maintains that Plaintiff was properly compensated during her employment. (ECF Doc. No. 3, Answer at pp. 1-3.)  Defendant disputes that Plaintiff was a non-exempt employee and also that Defendant is a covered entity under the FLSA. (Id.) The Parties respectfully submit that the terms of the Settlement Agreement are demonstrably fair and reasonable, so as to protect Plaintiff's interest in this matter.  Having resolved Plaintiff's FLSA claims, the Parties submit a copy of the fully executed Settlement Agreement for the Court's review and respectfully move the Court for an Order dismissing Plaintiff's FLSA claims in this action with prejudice.

## II.     ARGUMENT AND CITATION OF AUTHORITY

Pursuant to case law regarding settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by employees.  First, section 216(c) of the FLSA allows employees to settle and waive their claims under FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor.  *See* 29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1353 (11th Cir. 1982).  Second, as here, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the District Court with a proposed settlement and the District Court enters a stipulated judgment approving the fairness of the settlement.  Id.  In *Lynn's Food Stores*, the Eleventh Circuit outlined the circumstances for justifying court approval of FLSA in a settlement in a litigation context:

> "Settlement may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere wavier of statutory rights brought by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation."

679 F.2d at 1354.

This Court has the authority to and should approve the Parties' Settlement Agreement. The settlement negotiated and reached by the Parties represents a reasonable compromise, and is fundamentally fair and adequate with respect to the resolution of Plaintiff's FLSA claims.  There is a dispute that Plaintiff is owed any overtime wages.  The $8,000.00 Plaintiff is receiving, or over 350 hours of time and a half at her highest pay rate, is reasonable.  Even assuming Plaintiff was entitled to liquidated damages, she would still be receiving the equivalent of over 175 hours of overtime at her highest pay rate under the settlement agreement.

In addition, the proposed settlement arises out of an action brought by Plaintiff against her employer, which was adversarial in nature.  The litigation was settled after the Defendant answered and a scheduling order was entered, but before any discovery was conducted.  During the litigation and settlement of this action, Plaintiff was represented by experienced counsel who

frequently litigates claims brought under the FLSA. The overtime compensation sought by Plaintiff was subject to a legitimate dispute. The Parties, through their counsel, voluntarily agreed to the terms of their settlement during negotiations. All parties were counseled and represented by their respective attorneys throughout the litigation and settlement process. Accordingly, this Court should approve the Settlement Agreement and dismiss Plaintiff's claims under the FLSA with prejudice.

Defendant has also agreed to pay reasonable attorney's fees and costs to Plaintiff in the amount of $12,000.00. No portion of any back wages payable to Plaintiff is being paid to Plaintiff's counsel under the Settlement Agreement. The attorney's fees and costs were negotiated separately from Plaintiff's wage claim and are being paid in addition to amounts being paid to Plaintiff. Plaintiff's counsel is being compensated for time spent investigating, drafting the Complaint, drafting a scheduling order, initial discovery preparations, engaging in settlement discussions, and drafting related settlement documentation. Plaintiff's counsel's fees reflect hours reasonably expended in this lawsuit.

### III.   CONCLUSION

For the above referenced reasons, the Parties jointly and respectfully request that this Court approve the Settlement Agreement of the Parties. The Parties also jointly move the Court for entry of an Order approving the Parties' settlement and dismissal of Plaintiff's FLSA claims with prejudice.

[signatures on following page]

Respectfully submitted this <u>3rd</u> day of March, 2014.

| | |
|---|---|
| COHAN LAW GROUP, LLC | HATCHER, STUBBS, LAND, HOLLIS & ROTHSCHILD, LLP |
| By:  <u>s/ Louis R. Cohan</u><br>Louis R. Cohan<br>Georgia Bar No. 173357<br>Tracy K. Haff<br>Georgia Bar No. 141230<br>3340 Peachtree Road<br>Suite 580<br>Atlanta, Georgia 30326<br>(404) 891-1770<br>lcohan@cohanlawgroup.com<br><br>Attorneys for Plaintiff | By:  <u>s/David L. Mize</u><br>David L. Mize<br>Georgia State Bar No. 854694<br>P. O. Box 2707<br>Columbus, GA 31902-2707<br>(706) 324-0201<br>dlm@hatcherstubbs.com<br><br>Attorneys for Defendant |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed the foregoing **JOINT MOTION FOR COURT APPROVAL OF FAIR LABOR STANDARDS ACT SETTLEMENT** using the CM/ECF system that will automatically send email notification of such filing to the following attorneys of record:

David L. Mize
Hatcher, Stubbs, Land, Hollis & Rothschild, LLP
Post Office Box 2707
Columbus, Georgia 31902

This 3rd day of March, 2014.

                **COHAN LAW GROUP, LLC**

                */s/ Louis R. Cohan*

                _____
                LOUIS R. COHAN
                Georgia State Bar No. 173357
                TRACY K. HAFF
                Georgia State Bar No. 141230
                *Attorneys for Plaintiff*

3340 Peachtree Road, Suite 580
Atlanta, Georgia 30326
(404) 891-1770 (telephone)
(404) 891-5094 (facsimile)
lcohan@cohanlawgroup.com
tkhaff@cohanlawgroup.com

## SETTLEMENT AGREEMENT AND
## FULL AND FINAL MUTUAL RELEASE OF ALL CLAIMS

1. This Agreement covers all understandings between Plaintiff, RITA HAMILTON (hereinafter referred to as "Plaintiff" a term which includes Rita Hamilton's successors, beneficiaries, personal representatives, and heirs), and Defendant MENTORING YOUTH SERVICES, LLC (hereinafter referred to as "Defendant" a term which includes each and every officer, director, employee, agent, parent corporation or subsidiary, affiliate or division, its successors, assigns, beneficiaries, servants, legal representatives, insurers and heirs).

2. Plaintiff does hereby settle any and all claims and actions of any nature whatsoever between Plaintiff and Defendant and releases and forever discharges Defendant of and from all and any manner of actions, causes of actions, suits, rights to attorney fees, debts, claims and demands whatsoever in law or equity by reason of any matter, cause or thing whatsoever, and particularly, but without limitation of the foregoing general terms, by reason of any claims or actions arising from Plaintiff's employment or separation from employment with Defendants related to the transactions or matters which are the subject matter of the lawsuit CASE NO.: 4:13-CV-00510-CDL, pending in the United States District Court for the Middle District of Georgia.

3. Upon execution and delivery of this Agreement the Parties will jointly move the Court to dismiss with prejudice CASE NO.: 4:13-CV-00510-CDL, pending in the United States District Court for the Middle District of Georgia.

4. The Parties agree and acknowledge that this settlement is the compromise of a disputed claim and does not constitute an admission by either Party of any wrongdoing, including but not limited to any violation of any federal, state, or local statute or regulation, or any violation of any of Plaintiff's rights or of any duty owed by either party to the other.

5. It is Defendant's position that the sum set forth below represents an amount to which Plaintiff would not be entitled absent this Agreement. In fact, Defendant disputes that Plaintiff was an employee at all. Plaintiff Disputes this position. By this Agreement, the Parties have agreed to compromise and settle to avoid the cost of additional litigation.

6. For and in consideration for the promises made by Plaintiff in this Agreement, Defendant agrees to pay Plaintiff the total consideration of $20,000.00 (Settlement Payment), via wire transfer, within three (3) business days of the District Court granting the dismissal of the case with prejudice or by March 20, 2014, whichever is later in date. It is agreed that of this amount, $8,000.00 represents unpaid wages, and $12,000 represents reimbursement of attorneys' fees and costs incurred by Ms. Hamilton. Defendant will issue tax forms 1099 accordingly. Defendant will wire the $20,000.00 settlement payment to Cohan Law Group as attorneys for Rita Hamilton as follows:

| | |
|---|---|
| Bank: | Fidelity Bank<br>3490 Piedmont Road, Suite 124<br>Atlanta, GA  30305 |
| ABA: | 061102400 |
| Account No: | 05 05251 3 |
| Account Name: | Cohan Law Group, LLC<br>Trust Account<br>3340 Peachtree Road, Suite 580 |

1

780403-1/45259

EXHIBIT A

7. Should Defendant default on the payment obligation, Plaintiff may, at her option ask the Court to set aside the Dismissal and reinstate the Case (which request, Defendant hereby consents to), or seek all fees, costs and damages incurred to enforce the settlement.

8. Any tax obligation of Plaintiff or her attorneys arising from the Settlement Payment made to Plaintiff and/or her attorneys pursuant to this Agreement shall be the sole responsibility of Plaintiff and/or her attorneys. Plaintiff agrees that she is responsible for the payment of all federal, state, and/or local taxes of any kind whatsoever due and owing as a result of the Settlement Payment. Plaintiff agrees that she will indemnify, defend, and hold Defendant harmless for any federal, state, and/or local tax liability, including, but not limited to, taxes, interest, penalties, and required withholdings that would otherwise be owed by Plaintiff, that may be or are asserted against or imposed upon Defendant by any taxing authority as a result of Plaintiff's failure to pay any such taxes due on the Settlement Payment being made to her pursuant to this Agreement. In any such case, Plaintiff shall pay to Defendant upon demand all reasonable attorneys' fees and costs incurred by Defendant related thereto.

9. In exchange for the consideration above, Plaintiff and Defendant release each others from any and all claims, charges, actions and causes of action, and counterclaims of any kind or nature that either of them once had or now have, whether arising out of Plaintiff's employment, or otherwise, and whether such claims are now known or unknown, all from the beginning of the world to the date of these presents.

10. Defendants agree not to disclose the existence or contents of this Agreement to any prospective employer of Plaintiff. If Defendant is contacted by any prospective or current employer of Plaintiff, they may confirm dates of employment only, and job position, but shall not make disparaging remarks against Plaintiff.

11. In the event that any Party commences an action for damages, injunctive relief, or to enforce the provisions of the Agreement, the prevailing party in any such action shall be entitled to an award of its reasonable attorney's fees and all costs including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.

12. Plaintiff and Defendant agree that this Settlement Agreement is entered into knowingly and voluntarily, after having the opportunity to fully discuss it with an attorney. Having had the opportunity to obtain the advice of legal counsel to review, comment upon, and redraft the agreement, the parties agree that the Agreement shall be construed as if the parties jointly prepared it so that any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

13. This Agreement supersedes all prior agreements and understandings between Plaintiff and Defendant. No cancellation, modification, amendment, deletion, addition, or other changes in this Agreement or any provision hereof or any right herein provided shall be effective for any purpose unless specifically set forth in a subsequent written agreement signed by both Plaintiff and an authorized representative of Defendant.

14. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement and all other valid provisions shall survive and continue to bind the parties.

15. As part of its consideration, Plaintiff hereby expressly warrants and represents that:

   (1)   She has not assigned, pledged, or otherwise in any manner whatsoever sold or transferred either by instrument, in writing or otherwise, any right, title, interest or claim that is extinguished or released herein;

2

780403-1/45259

(2) No person or entity other than Plaintiff has any claim upon, lien upon, subrogation interest or other interest in the consideration passing from the Defendant to the Plaintiff as described in the Agreement. Should any person or entity assert a claim upon, lien upon, subrogation interest in, or other interest in the said consideration, the Plaintiff agrees to:

(a) Satisfy all such claims, liens, subrogation interests, or other interests out of said consideration, including any claim for attorney's fees or expenses of litigation;

(b) Indemnify and hold harmless the Defendant for and from any monies paid to such third parties in satisfaction of such claims, liens, subrogation interests or other interests; and

(c) Reimburse the Defendant for all attorney's fees and expenses of litigation incurred in defense of such claims, liens, subrogation interests or other interests.

16. The term s and conditions of this Agreement shall be binding upon and inure to the benefit of all Parties, to all present and former employees, officers, directors, agents, representatives, successors, assigns, and every person (whether natural or artificial), firm, or entity, now or previously affiliated with the Parties, in any manner whatsoever, or which may become affiliated with the Parties in the future.

17. The Partie s agree to bear their own costs and expenses not specially identified in this Agreement, and not to seek any additional fees and/or costs including, but not limited to, additional attorneys' fees, expenses or disbursements in connection with this matter.

18. The Parties covenant and warrant that no promise or inducement has been offered or made except as set forth herein; that all Parties have read this Agreement, understand all of its terms and understand that this Agreement constitutes the entire agreement between the Parties; and that the undersigned Parties are executing this Agreement voluntarily and with full knowledge of its significance.

19. Time is o f the essence in this Settlement Agreement.

20. The la w governing this Agreement shall be that of the United States and the State of Georgia.

DATE: 02-28-14           Signature: *Rita Hamilton*
                                    RITA HAMILTON

SWORN TO and subscribed before me by
Rita Hamilton this 28 day of February 2014.

*[Notary signature]*
NOTARY PUBLIC, State of Georgia
My Commission Expires: 22 AUG 2014
(SEAL)

3

780403-1/45259

DATE: 02/28/14

Signature: _____
for MENTORING YOUTH SERVICES, LLC

SWORN TO and subscribed before me by
C. Medley Hays this 28 day of February, 2014.

_____
NOTARY PUBLIC, State of Georgia
My Commission Expires: _____
(SEAL)

*[Notary seal: TERESA D SINGLETON, NOTARY PUBLIC, My Comm. Expires JANUARY 20, 2018, MUSCOGEE COUNTY, GEORGIA]*

4

780403-1/45259